UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOURISACK PHANMEESAI,

        Plaintiff,

  v.

SIEMENS BUSINESS SERVICES, INC., et al.,

        Defendants.

CASE NO. C05-1342JLR

MINUTE ORDER

The following minute order is made by the direction of the court, the Honorable James L. Robart:

The court has received the parties' stipulated order (Dkt. # 22) regarding Plaintiff's pending motion to compel. Because it appears that all parties have agreed, the court will permit Plaintiff's overlength brief and will permit Defendants to file a brief of equal length no later than April 24, 2006. The court directs the clerk to RENOTE Plaintiff's motion to compel (Dkt. # 18) for April 28, 2006. In the future, the parties must file stipulations to file an overlength motion *before* filing the motion.

The parties have also requested that the court extend the discovery deadline to June 30, 2006, and extend the discovery motions deadline to June 15, 2006. The court declines to do so, because the requested change would place the deadline for discovery two days after the deadline for filing dispositive motions.

MINUTE ORDER – 1

The court enters orders setting trial dates and related dates to provide a reasonable schedule for the resolution of disputes. That schedule generally provides 90 days between the deadline for filing dispositive motions and the trial date. With dispositive motions due 90 days before trial, they will generally be ripe for consideration one month later. See Local Rules W.D. Wash. CR 7(d)(3). The court's calendar usually permits it to enter a decision on dispositive motions within 30 days. See Local Rules W.D. Wash. CR 7(b)(5). In order to permit the parties to consider the court's decision on dispositive motions and plan for trial or an alternative resolution, the court generally requires at least 30 days between the court's decision and the trial date. For these reasons, the court will rarely set the deadline for dispositive motions less than 90 days before the trial date.

The court will deny any stipulation that does not provide a compelling reason to abandon these case management principles. Thus, if the parties seek to modify case management deadlines in a manner inconsistent with this order, they must provide the court with a compelling reason for doing so. If appropriate, the parties may consent to a shortened schedule for briefing dispositive motions, but they must explicitly state the shortened schedule in their stipulation.

When entering a stipulation to change a case management deadline, the parties must explicitly state the effect that the change will have on all subsequent case management deadlines, if any. The stipulation must expressly request a specific new date for each subsequent deadline.

Filed and entered this 18th day of April, 2006.

BRUCE RIFKIN, Clerk

By  s/Mary Duett
    Deputy Clerk

MINUTE ORDER – 2